IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| John Messer, | ) | Civil Action No.: 4:17-1212-BHH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff John Messer's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI".) The record includes the report and recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, and the Commissioner filed a reply to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

**BACKGROUND**

Plaintiff filed an application for DIB on August 26, 2013, and an application for SSI on October 10, 2013, alleging inability to work since February 12, 2013. His applications

were denied initially and upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). A hearing was held on October 13, 2015, at which Plaintiff, who was represented by counsel, appeared and testified. The ALJ also heard testimony from a vocational expert ("VE"). On December 24, 2015, the ALJ issued a decision denying Plaintiff's claims. Plaintiff filed a request for review, which the Appeals Council denied on March13, 2017, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review of the Commissioner's final decision on May 10, 2017.

Plaintiff was 44 years old on his alleged onset date. He has a limited education and past relevant work as a salvage parts worker and a mechanic. Plaintiff alleges disability originally due to degenerative discs in his back and two back surgeries.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall

be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to

3

determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 12, 2013, the alleged disability onset date. Next, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine status post laminectomy. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following additional limitations: he can never climb ladders, ropes, or scaffolds; he can

4

occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; he must avoid concentrated exposure to excessive vibration and hazards including the use of moving machinery and exposure to unprotected heights. The ALJ found that Plaintiff was unable to perform his past relevant work, but that, considering his age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he could perform. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date through the date of the decision.

**II.     The Court's Review**

In this action, Plaintiff asserts that the ALJ made multiple errors in evaluating the medical opinion evidence from Plaintiff's treating physicians: Dr. Monroe, Dr. Satterthwaite, and Dr. Bishop. According to Plaintiff, the ALJ gave only conclusory statements explaining the decision to give little weight to these treating opinions, and the ALJ failed to properly consider the fact that the opinions are consistent with one another. In addition, Plaintiff contends that it was error for the ALJ to rely on non-examining opinions over the three consistent treating physicians' opinions.

The Magistrate Judge considered Plaintiff's arguments and found them to be without merit, ultimately concluding that substantial evidence supports the ALJ's findings and that the ALJ conducted a proper analysis of the medical opinion evidence in accordance with the applicable law, regulations, and policies. In so finding, the Magistrate Judge quoted extensively from the ALJ's decision and determined that the ALJ did not make conclusions about the weight given to the treating physicians' opinions without providing a discussion of the other record evidence, contrary to Plaintiff's argument otherwise.

Plaintiff filed objections to the Magistrate Judge's Report, essentially repeating his

arguments but also asserting that the Magistrate Judge overlooked Plaintiff's claim that the ALJ failed to acknowledge the positive findings in the opinion evidence and failed to adequately explain how Plaintiff's course of treatment diminished the credibility of the treating physicians' opinions. Plaintiff also asserts that the Magistrate Judge failed to address the fact that all three treating physicians' opinions were consistent with one another as well as the fact that the only opposing opinions in this case came from non-examining state agency examiners who provided their opinions without the benefit of Dr. Monroe's, Dr. Satterthwaite's, or Dr. Bishop's consistent opinions.

As the Magistrate Judge explained, in evaluating a claimant's application for benefits, the Commissioner must evaluate all medical opinions and determine the weight to be accorded to each opinion based on the relationship between the physician and the claimant. *See* 20 C.F.R. §§ 404.1527 and 416.927 (2010). Under the regulations in effect at the time relevant to this action, the so-called "treating physician rule" directed the Commissioner to give a treating physician's opinion controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); *Mastro*, 270 F.3d at 178. However, "if a treating physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996). If the Commissioner decides to give less than controlling weight to the opinion of a treating physician, the Commissioner still must weigh the opinions of the treating physician in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, the supportability of the opinions in the medical record, their

consistency, and whether the treating physician is a specialist. 20 C.F.R. § 404.1527(c)(1)-(5).

Here, as the Magistrate Judge noted, the ALJ explained the decision to give little weight to the opinions of Drs. Monroe, Satterthwaite, and Bishop as follows:

As to Dr. Monroe, the ALJ stated:

> Dr. Monroe completed a Medical Source Statement for the claimant dated September 5, 2013. Dr. Monroe opined that the claimant's pain would constantly interfere with his attention and concentration; and that he constantly experiences severe pain (Ex. 17F, pg. 4). The undersigned gives little weight to the opinion of Dr. Monroe, as it is not supported with relevant evidence and not consistent with the record as a whole.

(Tr. at 24.)

Next, as to Dr. Satterthwaite, the ALJ stated:

> On December 28, 2013, Dr. Satterthwaite completed a Physician Questionnaire for the claimant. He opined that the claimant was unable to engage in more than sedentary work; that he would have to "rest away" from work for more than an hour; that he would miss work more than 3 days of work per month; and that he would have problems with attention and concentration (Ex. 11F, pgs. 1-2). However, on September 21, 2015, Dr. Satterthwaite provided a Medical Source Statement for the claimant. He reported that he treated the claimant from March 26, 2013[, to] December 31, 2013. Dr. Satterthwaite reported that the claimant had a history of spinal fusion surgery and that on clinical examination; he had weakness in the dorsiflexion of left foot and decreased sensation in the L5-S1 distribution. He opined that the claimant would not be able to return to work at his previous occupation, which was a physical job. He opined that during the time-period he treated the claimant, he would have been limited to no more than sedentary work, and would have had interruptions to his concentration, frequently enough to interrupt tasks. The undersigned finds significant th[at] Dr. Satterthwaite stated, *"I only saw him on a few occasions following his surgery so I do not know to what extent his condition improved."* (Ex. 34F, pg. 1). The undersigned finds material the contradictions between Dr. Satterthwaite's statements. Nevertheless, the undersigned gives little weight to his opinions as they are inconsistent with each other and the evidence of record.

(Tr. at 24-25 (emphasis in original).)

7

> Third, as to Dr. Bishop, the ALJ stated:
>
> On June 3, 2014, Dr. Bishop completed a Physician Questionnaire for the claimant. He opined that the claimant was unable to engage in more than sedentary work; that he would have to rest away from work for more than an hour; that he would miss work more than 3 days of work per month; that he would have problems with attention and concentration (Ex. 21F, pgs. 1-2). The undersigned gives little weight to the opinion of Dr. Bishop, as it is not supported by the relevant evidence and not consistent with the record as a whole.

(Tr. at 25.)

Plaintiff complains that these explanations are too general and are insufficient to satisfy the ALJ's duty to explain the reasons for giving little weight to the treating physicians' opinions. After review, the Court is not convinced by Plaintiff's arguments. As the Magistrate Judge explained in his Report by quoting several pages of the ALJ's decision, the above passages referring to the opinions of Drs. Monroe, Satterthwaite, and Bishop do not stand alone; rather, before weighing these physicians' medical source statements and questionnaires, the ALJ extensively summarized and considered the other evidence of record, including other evidence from the treating physicians, and the ALJ's decision as a whole clearly outlines other substantial evidence that the ALJ found inconsistent with the medical source statements and questionnaires from Drs. Monroe, Satterthwaite, and Bishop. For example, the ALJ explained that after Plaintiff's third surgery, treatment records "show that the claimant was doing well 11 days post-operatively," and "during his 6 week follow-up post-operative visit, his treatment provider noted that he had no complications and that his symptoms ha[d] improved." (Tr. at 22-23.) The ALJ referred to Dr. Monroe's report dated November 25, 2013, "that the claimant had shown improvement in his activity level and was doing well." (Tr. at 23.) The ALJ noted

8

that Plaintiff "reported that he had decreased pain and improvement in quality of life" on December 3, 2013. (*Id.*) The ALJ noted that Plaintiff received physical therapy, but in a treatment note dated November 3, 2013, his treatment provider noted that he had not attended since October 14, 2013. (*Id.*) The ALJ also specifically remarked about a medical note dated April 23, 2014, where Dr. James Hays reported that Plaintiff was *"discharged from Carolina Center for Advanced Management of Pain for violating his pain management agreement."* (*Id.* (emphasis in original.)

Next, the ALJ explained the results of radiographs from October of 2014 and remarked about a treatment note dated November 5, 2014, where Dr. Monroe opined that claimant's MRI "*revealed typical post-operative changes.*" (*Id.* (emphasis in original).) The ALJ explained that Dr. Monroe referred Plaintiff for medical pain management, and that treatment records dated February 17, 2015, indicated that Plaintiff's pain was considered well-controlled on his current medical regimen. The ALJ noted that on April 2, 2015, at a follow-up visit with Dr. Bishop, it was reported that Plaintiff was doing well with his current regimen. The ALJ also noted that on June 1, 2015, Dr. Moore reported that Plaintiff's operative pain was mild 21 months post-operation, and on August 12, 2015, Dr. Smith reported that Plaintiff was doing well and was back baseline, and that his medications were helping.

Based on the totality of the evidence outlined by the ALJ, the Court has no difficulty in determining that the ALJ gave sufficient reasoning for his decision to give the treating physicians' opinions little weight. Although Plaintiff is correct that the treating physicians' opinions were consistent in indicating that Plaintiff's pain would interfere with his attention and concentration, the ALJ offered an adequate explanation for the determination that other

9

relevant evidence of record effectively undermined those opinions. In addition, the Court disagrees with Plaintiff that the ALJ overlooked positive findings and failed to explain how Plaintiff's course of treatment diminished the credibility of the treating physicians' opinions. Rather, it is clear that the ALJ recognized that Plaintiff suffered from a severe impairment that would cause some degree of pain. Nevertheless, after evaluating all of the evidence, the ALJ remarked that the "record does not show signs of progressive deterioration that reasonably might be expected when an individual experiences intense and continuous pain or leads an inactive lifestyle as the claimant alleges," and that "claimant's medications appear to be effective and do not produce any adverse side effects." (Tr. at 24.) The ALJ also noted that no examining physician indicated that Plaintiff was unable to work. (*Id.*) Ultimately, the ALJ weighed the evidence of record and determined that although the evidence supported a finding that Plaintiff would have some difficulty and some pain, it did not supporting a finding that Plaintiff was totally disabled from performing all types of substantial gainful activity.

Here, it would appear that Plaintiff is essentially asking this Court to re-weigh the evidence that led the ALJ to give little weight to the opinions of Plaintiff's treating physicians and determine that Plaintiff's impairments do not create disabling functional limitations, but this Court is not permitted to do so. As the Fourth Circuit has long instructed, "[i]n reviewing for substantial evidence, [the Court does] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972) (noting that § 205(g) "requires that the court uphold the Secretary's decision even

should the court disagree with such decision as long as it is supported by 'substantial evidence'"); *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ"). After review, the Court agrees with the Magistrate Judge that the ALJ adequately weighed the opinions of Plaintiff's treating physicians in accordance with the regulations and gave sufficient explanation for the decision to give little weight to those opinions by pointing out the inconsistency of those opinions with other substantial evidence in the record. As such, the Court finds that substantial evidence supports the ALJ's findings and that the ALJ's decision was based upon a correct application of the relevant law.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law when she determined that Plaintiff failed to show that the Commissioner's decision was not supported by substantial evidence or that it was reached through application of an incorrect legal standard. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 17) is adopted and incorporated herein; Plaintiff's objections (ECF No. 19) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

September 25, 2018
Charleston, South Carolina